## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBIN CAHILL | ) | CIVIL ACTION NO. 3:23-CV-982 |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| DIGITAL INSURANCE, LLC, D/B/A ONEDIGITAL HEALTH AND BENEFITS | ) ) ) | |
| | ) | |
| DEFENDANT | ) | JULY 24, 2023 |

## COMPLAINT

Plaintiff Robin Cahill ("plaintiff"), in her complaint against Defendant Digital Insurance, LLC d/b/a OneDigital Health and Benefits ("OneDigital" or "defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action seeking damages based on defendant OneDigital's discriminatory practices in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, et seq. ("ADEA"), and the Connecticut Fair Employment Practices Act, Connecticut General Statutes §46a-51, et seq. ("CFEPA").

## PARTIES

2. Plaintiff, Robin Cahill, is an individual residing at 16 High Meadow Lane, Middlefield, CT 06455.

3. Defendant OneDigital is a Delaware limited liability company based in Atlanta, Georgia with an office located in Farmington, Connecticut.

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103



Phone 860.522.6103
Fax 860.548.0006
Juris No. 026105

4. OneDigital provides services and consulting to employers on employee benefits, human resources, insurance, pharmacy consulting and retirement and wealth management.

## JURISDICTION AND VENUE

5. Jurisdiction over the subject matter of this litigation exists pursuant to 28 U.S.C. §1331 as plaintiff asserts a claim under the ADEA. As to those claims not arising under federal law but clearly so related to the claims in this action within the original jurisdiction of this Court, jurisdiction exists under the doctrine of supplemental jurisdiction as codified in 28 U.S.C. §1367, as well as due to diversity of citizenship pursuant to U.S.C. §1332 in that the action involves citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)(2) as the unlawful conduct giving rise to plaintiff's claims took place within the District of Connecticut.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff timely filed administrative charges of discrimination and retaliation with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC") on June 23, 2023 and has received a Right to Sue letter from the EEOC dated May 22, 2023, as well as a Release of Jurisdiction letter from the CHRO dated May 19, 2023. Copies are attached as Exhibits A and B, respectively.


Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103

Phone 860.522.6103
Fax 860.548.0006
Juris No. 026105

## STATEMENT OF FACTS

8. Plaintiff was employed by the defendant, Digital Insurance, LLC d/b/a OneDigital Health and Benefits and/or its predecessor, Digital Insurance, Inc., from January 2008 through her termination date of January 14, 2022. Her position at the time of her termination was Senior Advisor which was essentially an Account Manager position. She was sixty (60) years old at the time of her termination.

9. In her role as an Account Manager, plaintiff was responsible for all aspects of client management in the administration of employee benefits. During her tenure, she received no negative performance reviews, had no disciplinary record and had numerous positive relationships with clients, insurers, vendors and colleagues. Plaintiff was never told that she was not fulfilling her obligations and responsibilities to clients or OneDigital, that her performance was unsatisfactory or that her job was in jeopardy.

10. Beginning in approximately 2016 or early 2017, plaintiff began reporting directly to Jeff Cross, Vice President of Client Services ("Mr. Cross"), who is approximately 54 years old. During the last two years of plaintiff's employment, Mr. Cross made comments to her suggesting that she was not active in OneDigital social events, like company happy hours, and that she should interact socially more with her colleagues, most of whom were much younger than her, to be more part of the "culture" at OneDigital. Although plaintiff had attended a few events, she responded that she was fully focused on her job at OneDigital, had been avoiding unnecessary social activities due to COVID-19 and did feel she had a positive working relationship with her co-workers.

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103



Phone 860.522.6103
Fax 860.548.0006
Juris No. 026105

11. In the late summer of 2021, a position on the OneDigital social planning committee, known as "VIBE", became open. This committee plans office parties, events and celebrations. Jeff Cross sent an email to the account management team seeking volunteers for the committee. Reflecting on Mr. Cross' comments to her earlier in the year about not participating in office parties and happy hours, plaintiff expressed her interest in joining the VIBE committee. Plaintiff did not hear back from Mr. Cross in response to her two requests and was not selected to join the VIBE committee. Plaintiff continued to perform her job well and meet her obligations to her clients and One Digital.

12. On December 15, 2021, Mr. Cross met with plaintiff and told her that some of her co-workers, all significantly younger than her, had expressed negative feedback about their communication and relationship with her. Mr. Cross told plaintiff that her coworkers said she was "negative", treated them like administrative assistants, was "passive aggressive", that she planned too early for projects, made them print benefit enrollment guides and they have to repeat tasks. Mr. Cross could not provide any examples, was vague about what he meant and could only state that plaintiff's communication was not in keeping with OneDigital's "core values". When plaintiff asked him about what was "passive aggressive" about her behavior, he had difficulty articulating any statement and said he "didn't know what it meant." Plaintiff asked who gave him this feedback but he would not provide her with names. When plaintiff asked if the feedback came from the client service team, he did not disagree with her. The client service specialists are a team supporting the Account Managers. Plaintiff was shocked and disappointed that she was being treated this way and conveyed this to Mr.



Cross. She asked Mr. Cross to set up a meeting with her, Mr. Cross and the coworkers providing this feedback to work on communication and discuss openly and honestly the feedback. Mr. Cross said they could meet after the Christmas holiday. Immediately after the exchange, plaintiff sent Mr. Cross an email outlining the conversation and explained the action steps she took when working with the client service team and also outlined steps that she would put in place going forward.

13. Plaintiff received an invitation from Jeff Cross for a Zoom meeting to be held on December 28, 2021. She believed this was a meeting to discuss the feedback from her co-workers and plaintiff was hopeful this would be an opportunity to discuss any concerns with the client service team. Jeff Cross was in the meeting and a Human Resources representative was on the phone. Jeff said, "Robin we have mutually agreed to part ways." He said, "this isn't working out." Plaintiff was shocked and responded that she did not agree to part ways and asked about the discussion to address the feedback from colleagues. She received no response and was told the decision to terminate her had been made.

14. Despite plaintiff's clear indication that she would not resign, Mr. Cross sent an email later on December 28, 2021, to OneDigital employees suggesting that plaintiff had voluntarily left One Digital and stating: "I have the unfortunate task of letting you all know that Robin Cahill is hanging up her OneDigital cleats. Robin is taking some much needed time off for the next couple of weeks and then will slip into her post-OneD life officially as of 1/14. In the meantime we'll be informing Robin's clients and aggressively searching for her replacement. Thank you in advance for your support and team effort in making sure the transitions happen smoothly!". In addition to falsely suggesting



Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103

Phone 860.522.6103
Fax 860.548.0006
Juris No. 026105

plaintiff's departure was voluntary, this email demonstrated Mr. Cross and OneDigital felt it was time for her to retire and that because of her age and long service, she deserved a rest. These comments circulated to colleagues and clients were humiliating, distressful and harmed plaintiff's business and professional reputation.

15. On December 29, 2021, in the middle of the holidays, plaintiff received a letter from Mr. Cross informing her she was being terminated effective January 14, 2022, and that her benefits would terminate at the end of January 2022. A day earlier plaintiff received a letter from OneDigital human resources employee advising her that OneDigital maintained that she had restrictions on her ability to work in her field after her termination. Plaintiff was quite distressed with losing her benefits and job while also being threatened if she tried to find new employment in her occupation/field.

16. On January 6, 2022, plaintiff was offered a severance agreement that required that she execute a release of any claims of age discrimination under state and federal law. In violation of the Older Workers Benefit Protection Act and the Age Discrimination in Employment Act, she was pressured to sign the agreement "no later than January 18, 2022" by the human resources employee. Under the Age Discrimination in Employment Act and Older Workers Benefit Protection Act, any person asked to sign a release involving age discrimination rights is entitled to 21 days to consider the release. Obviously, the human resources department of OneDigital, which is itself in the business of providing human resources services, would be aware of the requirements of federal law demonstrating defendant's actions were done deliberately to attempt to pressure her into releasing her rights.



Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103

Phone 860.522.6103
Fax 860.548.0006
Juris No. 026105

17. Based on plaintiff's concern about how she was being treated, she made a request for her personnel file on January 11, 2022 and noted her concerns about age discrimination. Under the Connecticut Personnel Files Act, OneDigital had ten (10) days to provide plaintiff with her personnel files. As noted above, plaintiff's response to the severance offer and release was due according to OneDigital by January 18, 2022 although by federal law it was not due until January 27, 2022. Notably, plaintiff did not receive the personnel file by January 21, 2022, as required by Connecticut law. On January 28, 2022, plaintiff received an email from the human resources employee stating that her severance offer had expired but that she could return the release by "close of business" on January 28, 2022. One Digital again was deliberately not complying with basic employment laws in an effort to force plaintiff to sign a release of her age discrimination rights and claims without having the benefit of seeing her personnel file.

18. Thereafter, OneDigital replaced plaintiff in her position with a significantly younger employee with less experience which is further evidence that plaintiff's termination was the result of age discrimination.

19. Based upon the facts stated above, plaintiff charges OneDigital with age discrimination in violation of the Age Discrimination in Employment Act and the Connecticut Fair Employment Practices Act because:

   a. She was qualified for her position;

   b. She was sixty (60) years old; and

   c. Her termination occurred under circumstances demonstrating that age discrimination was the reason for her termination because:


Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103

Phone 860.522.6103
Fax 860.548.0006
Juris No. 026105

i. She did not have negative performance reviews;

ii. She had no history of disciplinary issues;

iii. She met her responsibilities and duties to her clients and OneDigital;

iv. She had been told she did not fit into the culture or "vibe" of OneDigital because she did not participate in office parties or happy hours like her younger colleagues;

v. She tried to join the VIBE committee but was denied the opportunity;

vi. She was essentially told that her younger colleagues did not like working with her and then when she sought a meeting to discuss these issues she was terminated with no clear reason given by her supervisor;

vii. Jeff Cross falsely suggested she voluntarily resigned stating "Robin Cahill is hanging up her OneDigital cleats. Robin is taking some much needed time off for the next couple of weeks and then will slip into her post One-D life officially as of 1/14.";

viii. She was pressured to sign a release of her age discrimination claims in a time frame that was less than 21 days in violation of federal law;

ix. She was pressured to sign a release of her age discrimination claims without the benefit of her personnel file which should have been provided by January 21, 2022 under Connecticut law;

x. She was the oldest Account Manager at OneDigital in Connecticut when she was terminated; and

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103


HALLORAN SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 026105

  xi.  She was replaced by a significantly younger employee with less experience.

## CLAIMS FOR RELIEF

**COUNT ONE – AGE DISCRIMINATION IN VIOLATION OF THE ADEA, 29 .S.C. § 623(d)**

 1-19. Plaintiff hereby repeats and realleges Paragraphs 1 through 19 as if more fully set forth herein.

 20. Plaintiff was at all times relevant hereto an "employee" as that term is defined in 29 U.S.C. § 630(f).

 21. OneDigital is an "employer" within the meaning of 29 U.S.C. § 630(b).

 22. At all relevant times hereto, OneDigital employed more than 20 persons.

 23. OneDigital discriminated against plaintiff on the basis of her age in violation of the ADEA, 29 U.S.C § 623(a), by terminating her employment.

 24. As a direct and proximate result of OneDigital's conduct, plaintiff has suffered damages, including but not limited to substantial loss in earnings including back pay and front pay, loss of benefits, emotional distress and mental suffering and damage to her professional reputation.

**COUNT TWO – AGE DISCRIMINATION IN VIOLATION OF CFEPA, CONN. GEN. STAT. § 46A-60(a)**

 1-19. Plaintiff hereby repeats and realleges Paragraphs 1 through 19 as if more fully set forth herein.

 20. Plaintiff was at all times relevant hereto an "employee" as that term is defined in Connecticut General Statutes § 46a-51(9).

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103


HALLORAN SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 026105

21. OneDigital is an "employer" as that term is defined in Connecticut General Statutes § 46a-51(10).

22. At all relevant times hereto, OneDigital employed more than three persons.

23. OneDigital discriminated against plaintiff on the basis of her age in violation of C.G.S. § 46a-60(b)(1) by terminating her employment.

24. As a direct and proximate result of OneDigital's conduct, plaintiff has suffered damages, including but not limited to substantial loss in earnings including back pay and front pay, loss of benefits, emotional distress and mental suffering and damage to her professional reputation.

- 10 -



Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103

Phone 860.522.6103
Fax 860.548.0006
Juris No. 026105

WHEREFORE, plaintiff seeks the following relief:

a. Lost wages including back pay and front pay;

b. Lost employment benefits;

c. Noneconomic damages for emotional distress, humiliation, embarrassment, anxiety, worry, stress and damage to her professional reputation;

d. Liquidated damages under the ADEA;

e. Punitive damages; and

f. Attorneys' fees.

g. Prejudgment interest and costs; and

h. Such other further relief as this Court shall deem just and proper.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

**TRIAL BY JURY DEMANDED.**

THE PLAINTIFF:
ROBIN CAHILL

By */s/ Kevin J. Greene*
Kevin J. Greene of
HALLORAN & SAGE LLP
225 Asylum Street
Hartford, CT 06103
Fed. Bar #ct 16742
Phone: 860.297.4670
Fax:    860-548-0006
greene@halloransage.com
Her Attorney

8684121v.1

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103


HALLORAN SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 026105